er and two other persons swear that the summons was served on the brother in defendant's absence. Under the circumstances, I cannot see how we can reasonably hold that the defendant was ever served.

Judgment must therefore be reversed, with costs, and the complaint dismissed.

DELANY, J., concurs. WHITAKER, J., dissents, upon the ground that appellant should have applied to the court in which the judgment was entered in the first instance for relief, and that an appeal to this court, without having made such an application, is not the proper practice, and is without statutory sanction.

(88 Misc. Rep. 53)

### SEIDMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. APPEAL AND ERROR (§ 172*)—GROUNDS OF RELIEF—NOT ASKED BELOW—NOT CONSIDERED.

Whether plaintiff made out a prima facie case against the street car company for assault, "even if not a passenger," will not be considered on appeal, when the complaint, charging assault upon him "while a passenger," was dismissed because he did not show he was a passenger, and he did not ask leave to amend.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1078; Dec. Dig. § 172.*]

2. CARRIERS (§ 247*)—PASSENGERS—WHO ARE—PAYMENT OF FARE.

Plaintiff boarded a street car with two children, one of whom was under five years, and gave the conductor 25 cents. The conductor refused to return more than 10 cents in change. Plaintiff protested, and proposed to refer the question of liability to pay for the younger child to the inspector, who would be at D. street. Held, that plaintiff was a passenger, either on the theory that the conductor had received the fare for the company, or that, having the fare in his possession, he consented to postpone the time when it must be definitely paid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

3. CARRIERS (§ 247*)—PASSENGERS—WHO ARE.

That plaintiff, on reaching D. street, left the car, with the conductor's consent, to find the inspector and submit the dispute to him, did not abrogate the existing relation of carrier and passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

4. CARRIERS (§ 247*)—PASSENGERS—TERMINATION OF RELATION.

That plaintiff, failing to find the inspector at D. street, returned to the car and demanded his money back, saying he was going to remove his children, whereat the conductor gave him his money and struck him, did not terminate the relation of carrier and passenger previously existing, since the plaintiff was entitled to an opportunity to get out his children, whether his payment of the fare had been absolute, or merely conditional.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–903; Dec. Dig. § 247.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Seidman against the New York Railways Company. Judgment for defendant. Plaintiff appeals. Judgment reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Harry M. Peyser, of New York City, for appellant.
James L. Quackenbush, of New York City (Bayard H. Ames and Frederick Allis, both of New York City, of counsel), for respondent.

LEHMAN, J.   [1] The plaintiff has brought an action for damages suffered by an assault of a conductor in the defendant's employ while the plaintiff claims to have been a passenger on one of the defendant's street cars.   The trial justice dismissed the complaint at the close of plaintiff's case, on the ground that the plaintiff failed to show that at the time of the alleged assault the plaintiff was a passenger on the street car.   The plaintiff appeals from the judgment, primarily on the ground that the plaintiff did prove that he was a passenger; but he also claims that he has made out a prima facie case against the defendant for assault, even if no contract of carriage existed.   It appears, however, that at the trial the plaintiff never asked to go to the jury on any such issue, but contended only that he had successfully shown all the allegations, including the allegation that he was a passenger, and we should not on this appeal consider whether or not the trial justice could have permitted the plaintiff to change the theory upon which he has based his complaint, if the plaintiff had chosen at the trial to request such a change.

[2] It appears to me, however, that the trial justice erred in holding that the plaintiff failed to show that he was a passenger.   The plaintiff shows that he boarded the street car in Brooklyn with two little boys, one seven years old, and one two or three months over four. He gave the conductor 25 cents, and the conductor handed him 10 cents in change.   The plaintiff demanded back 15 cents, apparently claiming that he should not be required to pay fare for the younger child.   The conductor refused to return more than 10 cents, and the plaintiff thereupon said:

"We will get over to the other side of the Bridge, and we will see the inspector; if the inspector says I should pay for the child four years and three month old—if I have to pay for the child—then you got the money; you wouldn't lose anything."

At Delancy street the plaintiff said:

"Please, conductor, let me off here for a few minutes' time.   I will go down and see the inspector, and the inspector will settle the matter; if I have to pay for the child, I will pay for the child if the inspector says."

The plaintiff thereupon got off the car and walked 20 feet, but found no inspector.   He then started to board the car again, and had his right foot on the step, and said to the conductor: "Give me my change. I am going to take my children down."   Thereupon the conductor said: "Here is your change"—adding an insulting epithet and striking him in the eye.

It is claimed by the defendant that this evidence establishes conclusively that the plaintiff refused to pay the lawful fare, and therefore never became a passenger, and that, even if he had been a pas-

senger before he left the car at Delancy street, he was not a passenger thereafter. It seems to me, however, that the evidence produced by the plaintiff is capable of a different construction. He entered the car and tendered the conductor 25 cents, and the conductor retained 15 cents, which he claimed to be the legal fare. It is true that the plaintiff never conceded that this was the proper fare, and desired to have the matter submitted to a higher authority; but his testimony is quite open to the construction that he was ready to pay whatever the legal fare might be shown to be. On the other hand, when the conductor received and retained the full legal fare, he either at that time accepted payment of the full fare for the company, and thereby bound the company to carry the plaintiff to his destination, or at least, in consideration of the amount of the fare being left in his hands, he extended the time during which plaintiff was entitled to be regarded as a passenger before actual and final payment of the fare to the company was made. It seems to me impossible, therefore, to argue that as long as the conductor retained the fare and permitted the plaintiff to remain in the car he could possibly be regarded as a trespasser or in any other light than as a passenger.

[3] When he left the car at Delancy street, it was apparently with the conductor's consent, and for the purpose of having the amount of fare properly determined, and not in any way for the purpose of interrupting the continuous trip; and it would certainly be doing violence to the clear intent of the parties to hold that he thereby terminated the contract of carriage. This case differs in this respect from the case of Reilly v. N. Y. C. Ry., 46 Misc. Rep. 72, 91 N. Y. Supp. 319, relied on by the defendant, where the plaintiff left the car to make a complaint against the conductor. In that case the plaintiff intentionally interrupted her journey for her own purposes, while in the present case the plaintiff left the car merely to have the defendant's employé determine the terms upon which he might lawfully continue the journey. As the defendant's attorney himself states in his brief:

"The intention of returning or not returning is the sole criterion for determining whether a brief absence from the car is fatal to the contract and relation of passenger and carrier."

[4] The sole remaining question, then, is whether the plaintiff, by demanding back his money and saying he was going to take his children down, changed the previously existing relations of the parties. If the delivery of the full fare to the conductor did actually constitute a payment of his fare, then the contract of carriage thereby created could only be abrogated by mutual consent, and the abrogation of the contract could clearly not be complete until the carrier had not only returned the consideration, but also allowed the plaintiff reasonable opportunity to take out his children, for the plaintiff's consent was dependent upon both conditions.

It is contended, however, that the delivery of the amount of the fare to the conductor constituted no payment of the full fare, because the plaintiff did not concede that it was rightfully retained, and that therefore no contract of carriage did exist. Even if we should so construe the acts of the parties, still the defendant's conductor, in retain-

ing the money, must be regarded as having accepted a conditional payment, and the relation thereby created could also be terminated only if the plaintiff was given reasonable opportunity to withdraw himself and his children from the car.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.